IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| **CRYSTAL WHITMAN,** | * | Chapter 7 |
| Debtor | * | |
| | * | Case No.: 1-05-bk-03918MDF |
| | * | |
| **LARRY L. HALDEMAN,** | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Adv. No.: 1-05-ap-00134 |
| | * | |
| **CRYSTAL WHITMAN,** | * | |
| Defendant | * | |

## OPINION

### Procedural and Factual History

Before the Court is a motion for summary judgment filed by Crystal Whitman ("Debtor") in the above-captioned adversary case. Larry L. Haldeman ("Haldeman"), Debtor's former spouse, seeks a determination that certain marriage-related debts to him are non-dischargeable.

Haldeman and Debtor were divorced by a state court decree issued on April 18, 2005. The divorce decree required Debtor to pay Haldeman $11,382.18 in thirty-one (31) monthly installments of $364.11, with a final installment of $94.77, as a "credit" for his payment of post-separation marital debt. The decree further provided that Debtor was to assume sole responsibility for payment of a joint marital debt owed to Pennsylvania State Employees Credit Union ("PSECU") in the amount of $5,787.77. Both Haldeman and PSECU are listed in Debtor's schedules as unsecured, non-priority creditors.[1] On August 3, 2005, Haldeman filed a

---

[1] The amount listed as owing to Haldeman is $11,383.00 and to PSECU is $5,788.00. These amounts are included in the report of the divorce master, which has been docketed in the adversary case. Thus, it is apparent that Debtor has made no payments on these debts since the

1

complaint challenging the dischargeability of both debts.² On September 2, 2005, Debtor filed an answer, and on January 2, 2006, Debtor filed the instant motion for summary judgment. The parties have filed certain documents that were produced in discovery, including the divorce decree, the report of the divorce master, and certain interrogatories propounded by Haldeman and answered by Debtor. Debtor filed a Statement of Material Facts and both parties filed briefs. The matter is ready for decision.³

## Discussion

Summary judgment enables the court "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990) (quoting Fed.R.Civ.P. 56 advisory committee's note). Thus, summary judgment is appropriate as long as "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party need not produce evidence to disprove the opponent's claim, *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2354, 91 L. Ed.2d 265 (1986), but does carry the

---

entry of the divorce decree. Debtor's answers to interrogatories state that she has paid "little if any" funds toward this debt. While Debtor's Statement of Material Facts in support of her Motion states that $11,192.00 is owed to Haldeman, this amount is not substantiated by evidence submitted in support of the Motion and is similar to the value of the assets retained by Haldeman as set forth in the Master's Report incorporated into the divorce decree.

²If Debtor is able to discharge her personal liability for the PSECU debt, Haldeman will become solely liable to PSECU. In the papers filed in support and in opposition to the Motion, neither party distinguished between the PSECU and Haldeman debts.

³I have jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(L). This Opinion and Order constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7052.

burden to demonstrate the absence of any genuine issues of material fact. If the movant has produced evidence in support of summary judgment, then the party opposing the motion may not rest on the allegations set forth in its pleadings but must counter with evidence that demonstrates a genuine issue of fact. Fed.R.Civ.P. 56(e). This, in turn, requires the opponent to "set forth specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.[4]

Haldeman asserts that Debtor's obligations to him and PSECU are in the nature of support, or, alternatively, are non-support marital obligations that the debtor has the ability to pay and, if not paid, will produce a greater detriment to him than it will provide a benefit to Debtor. Section 523(a)(5) and (15), which governs the dischargeability of debts created in marital dissolution proceedings, provides as follows:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt -
> > (5) to a spouse, former spouse, or child of the debtor, for ... support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record. . . .

---

[4]Local Bankruptcy Rule 7056-1 incorporates the District Court's Local Rule 56.1, which provides that:
> A motion for summary judgment, . . . shall be accompanied by a separate, short and concise statement of material facts, in numbered paragraphs, as to which the moving party contends that there is no genuine issue to be tried.
> The papers opposing the motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Both statements are required to include references to the record that support the statement. Debtor filed a statement under Rule 56.1 but it mixed statements of fact with argument. As to the "material facts," Debtor simply references the divorce decree (incorrectly) and the information as to Debtor's assets, liabilities and income as set forth in the filed schedules and statements. Haldeman's response is in the form of a memorandum and also fails to comply with the requirements of Local Rule 56.1.

3

> (15) not of the kind described in § 523(a)(5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless--
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependant of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. §523(a)(5) and (15).[5]

A debt owed to a former spouse in the nature of alimony, maintenance, or support is non-dischargeable under Section 523(a)(5). This section sets out three requirements that must be met for a bankruptcy court to find that a debt is non-dischargeable: (1) the underlying debt must be in the nature of alimony, maintenance, or support; (2) the debt must be owed to a spouse, former spouse or child; and (3) the debt must have been incurred in connection with a separation agreement, divorce or property settlement agreement. *In re Fonnemann*, 128 B.R. 214, 217 (Bankr. N.D. Ill. 1991) (citations omitted). Of these three requirements, only the nature of the obligation appears to be in dispute in the instant action. Thus, the only issue bearing on the dischargeability of the debts under Section 523(a)(5) is whether the debts owed to Haldeman and PSECU are in the nature of support, or simply are a division of debt in connection with the equitable division of property.

---

[5]On April 20, 2005, the President signed into law the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), P.L. 109-8, §256, 119 Stat. 23, 11 U.S.C. §101 *et seq.* Although BAPCPA made significant changes to the treatment of domestic support obligations and equitable distribution awards in bankruptcy, these provisions did not become effective until October 17, 2005 and do not affect the resolution of this Complaint.

4

The burden of proof in a case under Section 523(a)(5) is on the creditor spouse. *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001). See also *Grogan v. Garner*, 498 U.S. 279, 288, 111 S.Ct. 654 (1991). "[W]hether an obligation is in the nature of alimony, maintenance or support, as distinguished from a property settlement, depends on a finding as to the intent of the parties at the time of the settlement agreement." *In re Gianakas*, 917 F.2d 759, 762 (3rd Cir. 1990). It is "fairly plain that §523(a)(5) disputes are not generally good candidates for summary judgment, as they often feature disputes about historical intent." *In re Hale*, 289 B.R. 788, 791 (1st Cir. BAP 2003). Nonetheless, in the instant case, summary judgment is appropriate to the extent that Haldeman's case would rely on Section 523(a)(5). The divorce decree contains no provision for alimony or support. The master's report states that neither party sought alimony or support during the divorce proceedings. No evidence was submitted to support a finding that the obligations to Haldeman or to PSECU were in the nature of support and, in fact, Haldeman's response to the motion for summary judgment focuses exclusively on Section 523(a)(15). Therefore, summary judgment will be granted to Debtor to the extent that the complaint relies on Section 523(a)(5).

Most courts have found that the burden of proof shifts between the parties in an action brought under Section 523(a)(15). *In re Gamble,* 143 F.3d 223, 226 (5th Cir.1998). These courts generally hold that the creditor spouse has the burden of proving that the threshold requirements of Section 523(a)(15) are satisfied, i.e., that the debt arose out of a divorce decree or separation agreement and that it is not governed by Section 523(a)(5). *In re Shurelds*, 265 B.R. 891, 894 (Bankr. N.D. Ohio 2001). But the debtor has the burden of proving either that she does not have the ability to pay or that the benefit of discharging the debt outweighs the

5

detriment to the creditor spouse. *In re Hadley*, 239 B.R. 433, 436 (Bankr. D. N.H. 1999); *In re Crosswhite,* 148 F.3d 879, 884-87 (7th Cir.1998). If the debtor supplies sufficient proof, then the burden shifts back to the creditor spouse to prove that the debtor does have the ability to pay and that the benefit to the debtor of discharging the debt is outweighed by the detrimental consequences to the former spouse or child of the debtor. 11 U.S.C. § 523(a)(15)(B). *In re Shreffler*, 319 B.R. 113, 117 (Bankr. W.D. Pa. 2004).

In the instant case, Haldeman has offered sufficient evidence to prove that the debt arose out of a divorce or separation decree and that it is not an obligation governed by Section 523(a)(5). Therefore, the burden shifted to Debtor to show that she does not have the ability to pay the debts or that the benefit to her of receiving a discharge outweighs the detriment to Haldeman. In support of her burden, Debtor avers that her monthly net income does not enable her to meet her current monthly expenses.[6] Under the "ability to pay" test, the primary factor to be considered is the amount of disposable income available to pay the debt. *In re Shurelds*, 265 B.R. at 895. If the Court were to rely on schedules I and J to determine whether Debtor has disposable income that could be committed to repaying the marital obligation to Haldeman, the Court could conclude that she has no disposable income. However, the reasonableness of these expenses has not been tested. It is unknown whether Debtor is living with and sharing expenses with another person. In addition, these schedules were verified by Debtor in July 2005. There may have been significant changes in her income and expenses since these documents were filed

---

[6]In making this averment, Debtor relies simply on her schedules, her testimony at the first meeting of creditors, and on her answers to Haldeman's interrogatories. The testimony from the first meeting of creditors is not of record, so Debtor cannot rely on it to support her motion for summary judgment.

6

with the Court. In the absence of supporting evidence establishing Debtor's current expenses and income, Debtor's ability to pay must be determined as of the trial date. *In re Cameron*, 243 B.R. 117 (M.D. Ala. 1999). The ability to pay test is a fluid concept that requires a court to consider a debtor's current employment, future employment opportunities, and other factors in order to determine whether debtor's future financial status will allow for payment of the debt. "To borrow an analogy, unlike the 'rear view mirror' analysis which may apply to contests under Section 523(a)(5), the Court is compelled by Section 523(a)(15) to look out all of the windows of its vehicle." *In re Pierce*, 323 B.R. 21, 30 (Bankr. D. Conn. 2005) (citations omitted). Therefore, I find that Debtor has failed to offer sufficient evidence to support her contention that she is unable to pay the debt now and in the future.

If Debtor lacks disposable income to pay the debts at issue, the balancing test under Section 523(a)(15)(B) is irrelevant. However, if she is able to repay the debts, the Court must apply the balancing test to complete the dischargeability analysis. Haldeman correctly points out that, at this juncture there is a genuine issue of material fact on whether the discharge of the debts will produce more benefit to Debtor than it will inflict harm on Haldeman. As discussed above, the Court is unable to determine Debtor's current and future financial status based upon the evidence currently before it. The information necessary to determine Haldeman's financial situation is even more meager. Two of Debtor's own exhibits illustrate the insufficiency of the evidence. On January 20, 2006, Debtor filed a document labeled "Whitman -2," which included both a copy of the April 4, 2005 order of the Lebanon County Court of Common Pleas adopting the report of the special master, as well as certain excerpts from that report. In the report, the special master finds that Haldeman lost the job that he held during the marriage and, at the time

7

of the report, was earning $27,000.00 per year – substantially less than his pre-divorce earnings. On January 19, 2006, Debtor filed a document labeled "Whitman - 6," a copy of a pay stub showing that she earns wages of $12.00 per hour. Roughly calculated based on a forty-hour work week and a fifty-week work year, Debtor's annual earnings would be $24,000.00 – slightly less than Haldeman's. In addition, Debtor's schedule of income (as well as the master's report) shows that she has retirement income of $364.00 per month from the Commonwealth of Pennsylvania. The retirement income added to her wages brings Debtor's annual earnings to approximately $28,000.00 – slightly greater than Haldeman's income. Thus, on the record as it exists, there is a genuine issue of material fact regarding whether the benefit to Debtor of discharging the instant debts will outweigh the detriment to Haldeman.

Accordingly, summary judgment in favor of Debtor on Haldeman's claim under Section 523(a)(15) will be denied. An appropriate order will be entered.

BY THE COURT,

Mary D. France
Bankruptcy Judge

Date:   February 3, 2006

*This electronic opinion is signed and filed on the same date.*